MARY A. DURKIN, AS ADMINISTRATRIX, &c., APPELLANT, *v.* THOMAS R. SHARP, AS RECEIVER OF THE LONG ISLAND RAILROAD COMPANY, RESPONDENT.

*Reference—when it cannot be ordered without the consent of the parties—the right to order one is not affected by the fact that one of the parties is a receiver.*

APPEAL by the plaintiff from an order made at Special Term, referring the action to Hon. Josiah SUTHERLAND, as a referee, to hear and determine.

The action was commenced by the leave of this court against the defendant as a receiver, to recover damages for the death of the plaintiff's intestate, caused by the derailment of the train of which he was engineer.

The order was made upon an affidavit made by one of the defendant's attorneys, alleging that, prior to the commencement of this action, an action had been brought against this defendant by one John H. Brown, a passenger upon the same train, for injuries sustained in the same accident. That action was referred to Hon. Josiah SUTHERLAND by consent of the parties, was tried before him, and resulted in a report in favor of Brown for $7,500. The same counsel who appear in this case appeared in and tried that action on behalf of both parties. In the action of John H. Brown, a great mass of testimony was adduced, the taking of which necessarily occupied much time, and occasioned heavy expense. The stenographer's fees alone amounted to over $600. The issues in this action are precisely similar to those in the case of Brown, and involve going over the same ground ; except that some additional testimony will be admissible in this case on account of the deceased having been an employee of the defendant.

Upon proof of these facts the court ordered a reference of this action to the same referee before whom the Brown case was tried, and provided in the order that the testimony taken in that case might be read by either party to this action, and if so read, should be considered as having been taken in this action ; limited the defendant in his defense, and required him to pay without recourse

the referee's fees and also the stenographer's charges for all additional testimony.

The court at General Term said : " It is very clear that the court is not authorized to order a reference of an ordinary action of this kind without consent. Nor can the order appealed from be sustained as a proceeding to reach or affect a fund in court. There is no fund in court, and the action is one to recover damages for a breach of duty by one who is operating a railroad, by the order of the court. The plaintiff having obtained leave to sue him, she is entitled to prosecute her action in the mode which the law has provided. Her rights in that respect are the same as if the plaintiff were seeking to enforce a personal instead of an official liability. For it is obviously the duty of the court to afford the usual and appropriate means of obtaining justice to a party who applies in a regular manner for the enforcement or protection of his rights. The other provisions of the order are also unwarrantable."

*Wm. W. Badger* and *David Mitchell*, for the appellant.

*E. B. Hinsdale*, for the respondent.

Opinion by GILBERT, J.

Present—BARNARD, P. J., and GILBERT, J.

Order reversed, with costs and disbursements.